# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Zachary A. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
        Civil No. 23-3197-CDA

Dear Counsel:

On November 22, 2023, Plaintiff Zachary A. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023).  I have considered the record in this case (ECF 8) and the parties' filings (ECFs 11, 16).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Accordingly, the Court will GRANT Plaintiff's motion for remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration.  This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed an application for Child's Insurance Benefits ("CIB") on August 23, 2019, and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 22, 2019, alleging a disability onset date of June 15, 2017.  Tr. 214-226.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 134-43, 149-52.  On March 11, 2021, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 49-85.  Following the hearing, on May 4, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame.  Tr. 13-25.  The Appeals Council ("AC") denied Plaintiff's request for review, Tr 1-7, 209-211, but on November 3, 2022, the Court remanded Plaintiff's case to the Commissioner for further administrative proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g), Tr. 820.  On January 3, 2023, the AC vacated the SSA's decision and remanded

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on November 22, 2023.  ECF 1.  Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025.  Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Zachary A. v. Dudek*
Civil No. 23-3197-CDA
March 28, 2025
Page 2

Plaintiff's case to an ALJ for a new hearing.[3]  Tr. 814-19.  On April 20, 2023, an ALJ held a hearing.  Tr. 780-811.  Following the hearing, on September 20, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 824-46.  Because the AC did not assume jurisdiction over Plaintiff's case, the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a); 20 C.F.R. § 416.1484(d); 20 C.F.R. § 404.984(d).

## II.    <u>THE ALJ'S DECISION</u>

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 15, 2017, the alleged onset date[.]" Tr. 830.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "depression, anxiety, post-traumatic stress disorder, and panic disorder[.]" Tr. 830.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 830.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> understand and carry out simple instructions and routine, repetitive tasks. [Plaintiff] is able to apply commonsense understanding to carry out detailed, but uninvolved, instruments. [Plaintiff] would need to avoid work requiring high-quota production-rate pace (i.e., rapid assembly line work where coworkers are side-by-side and the work of one affects the work of others). [Plaintiff] is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. [Plaintiff] is occasionally able to change activities or work settings during the workday without it being disruptive. [Plaintiff] is occasionally able to deal with

---

[3] In its order, the AC concluded that the ALJ "did not address the [1-2 step instructions] limitation[]" in Drs. Joseph Leizer and Maurice Prout's medical opinions, and that the ALJ's RFC "did not fully accommodate the [1-2 step instructions] limitation[.]" Tr. 816.  The AC thus directed the ALJ, on remand, to "[g]ive further consideration to the [medical opinions]" and "[t]ake further action to complete the administrative record resolving [this] issue[]." Tr. 817.

changes in a routine work setting. [Plaintiff] is able to have occasionally interaction with supervisors. [Plaintiff] is able to have superficial or incidental interaction with the general public (i.e.[,] no work duties that involve the general public). [Plaintiff] is able to have occasional, non-collaborative interaction with coworkers.

Tr. 832. The ALJ determined that Plaintiff does not have past relevant work but could perform other jobs that existed in significant numbers in the national economy.[4] Tr. 838-39. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 839.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to provide a narrative discussion describing how the medial evidence supported the limitation that Plaintiff "would need to avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where coworkers are side-by-side and the work of one affects the work of others)." ECF 11, at 7, 9 (citing Tr. 832). Second, Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of Drs. Joseph Leizer and Maurice Prout because the ALJ did not account for a "1-2 step instructions" limitation in the ALJ's hypotheticals presented to the vocational expert and in the RFC. *Id.* at 13, 15-17. As to the hypotheticals, Plaintiff argues that the ALJ erred at step five because the ALJ's failure to account for the "1-2 step instructions" limitation led to the VE's recital of three jobs that Plaintiff cannot perform. *Id.* at 17-19. As to the RFC, Plaintiff argues, contrary to the ALJ's finding, that the "simple/routine tasks" limitation in the RFC does not address the "1-2 step instructions" limitation. *Id.* at 16-17. Meanwhile, Defendant counters that (1) the "high-quota production-rate pace" limitation in the RFC is supported by substantial evidence, and (2) the ALJ

---

[4] Based on the ALJ's hypotheticals presented to the vocational expert ("VE"), the VE concluded that Plaintiff could perform: (1) Night Stocker/Laborer Stores (DOT #922.687-058); (2) Janitor/Cleaner (DOT #381.687-018); and (3) Laundry Worker (DOT #361.684-014). Tr. 839.

Zachary A. v. Dudek
Civil No. 23-3197-CDA
March 28, 2025
Page 4

properly evaluated the medical opinions of Drs. Leizer and Prout—along with the record—in determining that the RFC sufficiently addressed Plaintiff's limitations.  ECF 15, at 6-10, 14-17.

The Court agrees with Plaintiff that the ALJ failed to sufficiently explain why a "1-2 step instructions" limitation was not included in the RFC despite the ALJ assigning "partial persuasive value" to Drs. Leizer's and Prout's medical opinions saying that Plaintiff "could remember and understand 1-2 step instructions[.]"  Tr. 836.

Relevant authority suggests that a "1-2 step instructions" limitation is not sufficiently accounted for by a limitation to "simple instructions and routine, repetitive tasks," nor is the exclusion of a "1-2 step instructions" limitation in the RFC sufficiently explained by the inclusion of a "simple  instructions and routine, repetitive tasks" limitation.  According to the Fourth Circuit, "there is an apparent conflict between an RFC that limits [a claimant] to [1-2] step instructions and GED Reasoning Code 2, which requires the ability to understand detailed instructions." *Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016).  This is so because a "1-2 step instructions" limitation restricts a claimant to jobs under GED Reasoning Code 1, which requires the ability to apply commonsense understanding to carry out simple 1-2 step instructions.  *See Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558-59 (8th Cir. 2018); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002-03 (9th Cir. 2015); *Shipman v. Kizakazi*, No. 22-00636, 2023 WL 5599607, at *10 (M.D. Pa. Aug. 29, 2023); *McGriff v. Colvin*, No. 16-911-JAM, 2017 WL 3142336, at *3 (D. Conn. July 25, 2017); *Schlattman v. Colvin*, No. 12-C-10422, 2014 WL 185009, at *6-8 (N.D. Ill. Jan. 14, 2014).  On the other hand, a "simple instructions and routine, repetitive tasks" limitation restricts a claimant to jobs under GED Reasoning Code 2.  *See Davis v. Comm'r of Soc. Sec.*, No. SAG-11-2779, 2013 WL 153594, at *2 (D. Md. Jan. 14, 2013) (finding that "limitations to simple instructions and routine tasks" restrict claimants to jobs under GED Reasoning Code 2); *Dillon v. Astrue*, No. 08-2597-TMD, 2011 WL 337334, at *5 (D. Md. Jan. 31, 2011) (same).  Multiple courts observe a significant difference between a "1-2 step instructions" limitation and a "simple instructions and routine, repetitive tasks" limitation.  *Podunajec v. Saul*, No. 19-1938, 2020 WL 7319779, at *6 (M.D. Pa. Dec. 11, 2020); *McGriff*, 2017 WL 3142336, at *3; *Wilson v. Colvin*, No. 16-1971-WHO, 2017 WL 1861839, at *7 (N.D. Cal. May 9, 2017); *Schlattman*, 2014 WL 185009, at 7.

It follows then that, because "there is an apparent conflict between an RFC that limits [a claimant] to [1-2] step instructions and GED Reasoning Code 2," *Henderson*, 643 F. App'x at 277, a limitation to "simple instructions and routine, repetitive tasks" does not account for claimant limitations addressed by a "1-2 step instructions" limitation.  It is also logical to conclude that the exclusion of a "1-2 step instructions" limitation in the RFC is not sufficiently explained by the mere inclusion of a "simple instructions and routine, repetitive tasks" limitation.  This is so because limitations consistent with GED Reasoning Code 1 are more restrictive than limitations that are consistent with GED Reasoning Code 2.  *See Christopher J. v. Kijakazi*, No. 22-497, 2023 WL 6305787, at *7-8 (M.D. Pa. Sept. 27, 2023); *Deborah B. v. Kijakazi*, No. 20-7729, 2022 WL 1292249, at *3 (N.D. Ill. Apr. 29, 2022).  In other words, claimants with GED Reasoning Code 1 limitations are unable to perform all the jobs that claimants with GED Reasoning Code 2 limitations are able to, whereas claimants with GED Reasoning Code 2 limitations are able to

perform all of the jobs that claimants with GED Reasoning Code 1 limitations can. Accordingly, there is an apparent conflict when an ALJ includes a "simple instructions and routine, repetitive tasks" limitation to account for a "1-2 step instructions" limitation, and to resolve the conflict, the ALJ "must explain the resolution of the conflict in [their] decision." *Henderson*, 643 F. App'x at 277.

That conflict exists here. The ALJ failed to resolve it because their explanation to exclude a "1-2 step instructions" limitation is inadequate. The ALJ considered and assigned partial weight to Drs. Leizer's and Prout's medical opinions, which concluded that Plaintiff "could perform simple, routine tasks" and "could remember and understand 1-2 step instructions." Tr. 836. However, of these two limitations, the ALJ only included a "simple instructions and routine, repetitive tasks" limitation in the RFC. Tr. 832. As Plaintiff observes, the AC found that the ALJ "did not address the [1-2 step instructions] limitation[]" in Drs. Leizer's and Prout's medical opinions, and that the ALJ's RFC "did not fully accommodate the [1-2 step instructions] limitation[.]" Tr. 816. The AC thus directed the ALJ, on remand, to "[g]ive further consideration to the [medical opinions]" and "[t]ake further action to complete the administrative record resolving [this] issue[]." Tr. 817. Yet, the only "further action" that the ALJ took to address the "1-2 step instructions" limitation was to state that "[t]he 1-2 step instructions [limitation] is addressed by a limitation to simple/routine tasks." Tr. 836.

Rather than "complete the administrative record [to] resolv[e] the [] issue[,]" Tr. 817, the ALJ here compounded the issue by creating an apparent conflict. While "there is no rigid requirement that an ALJ specifically refer to every piece of evidence in [their] decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citation omitted), "the ALJ must build an accurate and logical bridge from the evidence to [their] conclusion," *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). The ALJ did not do so. *See Proctor v. Colvin*, No. TMD-16-228, 2016 WL 6822477, at *9-11 (D. Md. Nov. 18, 2016) (finding that the ALJ failed to build an accurate and logical bridge as to why they did not include a "1-2 step task" limitation in the RFC despite medical opinions restricting the claimant to such limitation). The Court finds no accurate and logical bridge as to why a "1-2 step instructions" limitation is accounted for by a "simple instructions and routine, repetitive tasks" limitation despite the limitations being significantly different. *See Mildred B. v. Kijakazi*, No. 19-3532, 2022 WL 1746849, at *3-5 (N.D. Ill. May 31, 2022) (finding that "there [was] nothing in the ALJ's decision to indicate that … notwithstanding the 1-2 step task limitation, [the] plaintiff could perform simple routine, work" and that "the ALJ did not say that [they] believed [the] 1-2 step task limitation was equivalent to, or synonymous with, a limitation to simple, routine tasks").

Considering the nature and gravity of this apparent conflict, the ALJ's error is not harmless and warrants remand. *See Proctor*, 2016 WL 6822477, at *10-11 (citation omitted) (finding the ALJ's error not harmless and remand appropriate because "had the ALJ [] included [the 1-2 step tasks] limitation, … there would be a conflict between the representative occupations and [the p]laintiff's limitations"); *Deborah B.*, 2022 WL 1292249, at *2-3 (remanding where the ALJ failed to address the plaintiff's "1-2 step task" limitation because "all the jobs cited by the VE have a [GED Reasoning Code] of at least 2 and, therefore, would be precluded by [a 1-2 step task]

*Zachary A. v. Dudek*
Civil No. 23-3197-CDA
March 28, 2025
Page 6

limitation"). Like in *Proctor* and *Deborah B.*, had the ALJ here included a "1-2 step instructions" limitation in the RFC, a conflict would exist between the jobs selected by the VE and Plaintiff's limitations because all three jobs that the VE concluded Plaintiff could perform require GED Reasoning Code 2, which is inconsistent with a "1-2 step instructions" limitation. A "1-2 step instructions" limitation would have limited the VE's conclusion to jobs under GED Reasoning Code 1. *See Wyatt v. Colvin*, No. 14-3252, 2015 WL 3919058, at *8-9 (N.D. Ill. June 24, 2015) (finding that the ALJ's failure to include a "1-2 step task" limitation in their hypotheticals to the VE warranted remand because such failure "may have caused the [VE] to overstate the occupations for which [the p]laintiff [was] qualified"). If the ALJ chooses to address the "1-2 step instructions" limitation in another way, it should provide a reasoning that does not create the conflict identified here and in other cases addressing the interplay between "1-2 step instructions" limitations and "simple instructions and routine, repetitive tasks" limitations.

The Commissioner directs the Court to several decisions from within the Ninth Circuit.[5] Defendant cites these cases for the proposition that where state agency psychiatrists, like Drs. Leizer and Prout, find that a claimant is capable of performing both "simple, routine tasks" and "1-2 step instructions," then an RFC that only includes a "simple, routine tasks" limitation sufficiently addresses the claimant's limitations since a "simple, routine tasks" limitation is less restrictive than a "1-2 step instructions" limitation and therefore represents the most a claimant can do for purposes of the RFC. ECF 15, at 14-15, 15 n.5. Although the facts of those cases appear similar to this one, the Court disagrees with their reasoning. All four cases rest their conclusion on the basis that an RFC includes the most a claimant can do and because the psychiatrists concluded that the claimant could perform "simple, routine tasks" and "1-2 step instructions[,]" it is appropriate for the RFC to only reflect a "simple, routine tasks" limitation. *See, e.g.*, *Dunn*, 2024 WL 3439583, at *2. Defendant is correct that a claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). However, Defendant—and the cases on which he relies—presses a view inconsistent with the fact that "[w]hile the ALJ [is] by no means required to simply adopt all of the limitations found by [] state [agency psychiatrists], [they are] required to explain [their] basis for rejecting them[,]" and "[w]here … there is potentially conflicting evidence in the record, the ALJ must explain which evidence [they] accept[] and reject[] and the reasons for [their] determination." *Jennifer S. v. Berryhill*, No. TMD-17-2487, 2018 WL 5112407, at *5 (D. Md. Oct. 19, 2018) (quoting *Harden v. Comm'r of Soc. Sec.*, No. 13-906, 2014 WL 4792294, at *4 (W.D. Pa. Sept. 24, 2014)); *accord Kane v. Berryhill*, No. TMD-17-971, 2018 WL 4599649, at *8 (D. Md. Sept. 25, 2018) (same); *Price v. Berryhill*, No. TMD-17-1560, 2018 WL 3122443, at *9 (D. Md. June 26, 2018) (same); *Proctor*, 2016 WL 6822477, at *10 (same).

The issue here is not that the ALJ chose to include a "simple instructions and routine,

---

[5] Defendant cites to four cases: (1) *Dunn v. O'Malley*, No. 23-55707, 2024 WL 3439583 (9th Cir. July 17, 2024); (2) *Cisneros v. O'Malley*, No. 23-00468-HBK, 2024 WL 3362898 (E.D. Cal. July 8, 2024); (3) *Corwin v. Kijakazi*, No. 20-00394-GSA, 2021 WL 5771658 (E.D. Cal. Dec. 6, 2021); and (4) *Nyberg v. Comm'r of Soc. Sec.*, No. 20-0338-DMC, 2021 WL 1295378 (E.D. Cal. Apr. 7, 2021).

*Zachary A. v. Dudek*
Civil No. 23-3197-CDA
March 28, 2025
Page 7

repetitive tasks" limitation in the RFC instead of a "1-2 step instructions" limitation. What compels remand here is the "need for further explanation" why a "1-2 step instructions" limitation is accounted for by a "simple instructions and routine, repetitive tasks" limitation, despite the limitations being significantly different.[6] *See ibid.* Contrary to Defendant's assertion, the requirement that the RFC include the most that a claimant can do does not waive the ALJ's obligation to explain their basis for rejecting limitations found in state agency psychiatrists' medical opinions. Despite Drs. Leizer's and Prout's shared observation that Plaintiff could perform simple, routine tasks and 1-2 step instructions, nothing in the ALJ's decision indicates how Plaintiff could perform simple instructions and routine, repetitive work or whether the "1-2 step instructions" limitation is equivalent to, or synonymous with, a limitation to "simple instructions and routine, repetitive work." *See Mildred B.*, 2022 WL 1746849, at *3-5 (finding that "there [was] nothing in the ALJ's decision to indicate that the ALJ . . . concluded that, notwithstanding the 1-2 step task limitation, [the] plaintiff could perform simple routine, work" and that "the ALJ did not say that [they] believed [the] 1-2 step task limitation was equivalent to, or synonymous with, a limitation to simple, routine tasks"). On remand, the ALJ should either (i) build an accurate and logical bridge as to why a "1-2 step instructions" limitation is accounted for by a "simple instructions and routine, repetitive tasks" limitation despite the limitations being significantly different, or (ii) as the AC directed, "[g]ive further consideration to [Drs. Leizer's and Prout's medical opinions]" and "[t]ake further action to complete the administrative record resolving [this] issue[,]" Tr. 817.

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and adjust their opinion accordingly. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

---

[6] Even the *Corwin* court observed that "it is not necessarily apparent that routine tasks and one to two step tasks are synonymous[.]" 2021 WL 5771658, at *4.

*Zachary A. v. Dudek*
Civil No. 23-3197-CDA
March 28, 2025
Page 8

## V.   <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's motion for remand, ECF 11, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,


/s/


Charles D. Austin
United States Magistrate Judge